ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 14 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMENTHIA USHER, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 1:10.CV-1813 CAP |
| v. ) | |
| ) | |
| CENTER OF HOPE FOR CANCERS ) | |
| AND BLOOD DISORDERS, P.C. and ) | |
| ANTHONY C. ONYEGBULA, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### I. NATURE OF THE CLAIMS

PLAINTIFF KIMENTHIA USHER ("PLAINTIFF") asserts a claim under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.* ("FLSA") for unpaid overtime compensation including past due overtime, liquidated damages, reasonable expenses of litigation and attorneys fees on the grounds set forth below.

### II. JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).

2.  This Court has venue for all causes of action stated herein pursuant to 28 U.S.C § 1391(b)(2) as the acts alleged as a basis for the claim at issue took place within this Court's jurisdictional boundaries.

1

## III. PARTIES

3. PLAINTIFF USHER is a United States citizen who resides in Stockbridge, Henry County, Georgia.

4. DEFENDANT CENTER OF HOPE FOR CANCERS AND BLOOD DISORDERS, P.C. is a corporation doing business within this judicial district and is subject to the jurisdiction of this Court.

5. DEFENDANT ANTHONY C. ONYEGBULA is a principal of DEFENDANT CENTER OF HOPE FOR CANCERS AND BLOOD DISORDERS, P.C. and has control of the company's day-to-day operations and therefore is an employer within the meaning of the FLSA, 42 U.S.C. § 203(d) and is not exempt under the Act.

6. PLAINTIFF USHER is a former employee of DEFENDANTS who has been denied proper overtime compensation during the relevant period of her employment.

7. DEFENDANTS employed PLAINTIFF as an employee and therefore DEFENDANTS are an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and are not exempt under the Act.

8. DEFENDANT CENTER OF HOPE FOR CANCERS AND BLOOD DISORDERS, P.C. is an enterprise engaged in commerce within the meaning of

the FLSA, 29 U.S.C. 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

## IV. FACTUAL ALLEGATIONS

9. Throughout PLAINTIFF'S employment, she was classified as a non-exempt employee for purposes of the FLSA.

10. Throughout PLAINTIFF'S employment, she was paid at an hourly rate.

11. Throughout PLAINTIFF'S employment, she was engaged in commerce and was employed by an enterprise engaged in commerce within the meaning of the FLSA and therefore is expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

12. Throughout PLAINTIFF'S employment, she performed job duties that included serving as a receptionist, processing billing, scanning documents, calling a payroll company to report the hours worked by DEFENDANTS' employees, responding to calls from the hospital where DEFENDANT ANTHONY C. ONYEGBULA worked and responding to calls from the alarm company that serviced DEFENDANTS' property.

13. Throughout PLAINTIFF HORTON'S employment, her primary duties conformed to a very specific standard of conduct that did not involve the exercise of discretion and independent judgment.

14. Throughout PLAINTIFF'S employment, her primary duties did not involve professional, administrative or managerial duties.

15. Throughout PLAINTIFF'S employment, she worked over forty (40) hours per week.

16. Throughout PLAINTIFF'S employment, DEFENDANTS' management was aware of the extra hours she worked each week, including DEFENDANT ANTHONY C. ONYEGBULA.

17. Throughout PLAINTIFF'S employment, DEFENDANTS did not pay PLAINTIFF overtime compensation for work performed in excess of 40 hours in a workweek.

18. Throughout PLAINTIFF'S employment, DEFENDANTS did not pay PLAINTIFF for all time worked in a workweek.

19. Throughout PLAINTIFF'S employment, DEFENDANT ANTHONY C. ONYEGBULA promised PLAINTIFF that he would pay her for the overtime she worked, but he never did.

20. Throughout PLAINTIFF'S employment, there is no evidence that the conduct of DEFENDANTS that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

21.	Throughout PLAINTIFF'S employment, DEFENDANTS knowingly, intentionally and willfully violated the FLSA by failing to pay PLAINTIFF the overtime compensation and other compensation to which she was entitled.

## VI. CLAIM

### COUNT I
*(Fair Labor Standards Act - 29 U.S.C. § 201 et seq.)*

22.	PLAINTIFF re-alleges paragraphs 1-21 above and incorporate them by reference as if fully set forth herein.

23.	By engaging in the above-described conduct, DEFENDANTS CENTER OF HOPE FOR CANCERS AND BLOOD DISORDERS, P.C. and ANTHONY C. ONYEGBULA violated the FLSA with respect to PLAINTIFF.

24.	By engaging in the above-described conduct, DEFENDANTS CENTER OF HOPE FOR CANCERS AND BLOOD DISORDERS, P.C. and ANTHONY C. ONYEGBULA knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFF.

25.	Throughout the relevant period of this lawsuit, there is no evidence that the conduct of DEFENDANTS CENTER OF HOPE FOR CANCERS AND BLOOD DISORDERS, P.C. and ANTHONY C. ONYEGBULA that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

26.  As a direct and proximate result of the above-described conduct, PLAINTIFF has lost wages.

27.  Said violation gives rise to a claim for relief under the FLSA for PLAINTIFF for unpaid and past due overtime compensation for three years prior to the filing of this Complaint, prejudgment interest, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 215 *et seq.*

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court do the following:

1.  Issue a declaratory judgment that DEFENDANTS CENTER OF HOPE FOR CANCERS AND BLOOD DISORDERS, P.C. and ANTHONY C. ONYEGBULA have engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFF;

2. Require DEFENDANTS CENTER OF HOPE FOR CANCERS AND BLOOD DISORDERS, P.C. and ANTHONY C. ONYEGBULA to pay PLAINTIFF for lost compensation including overtime compensation calculated at one and one-half times the proper normal rate that PLAINTIFF would have

received but for unlawful conduct going back three (3) years from the date this Complaint was filed;

3. Require DEFENDANTS CENTER OF HOPE FOR CANCERS AND BLOOD DISORDERS, P.C. and ANTHONY C. ONYEGBULA to pay PLAINTIFF liquidated damages as provided for under the Fair Labor Standards Act;

4. Award PLAINTIFF herr reasonable attorneys' fees and costs and expenses of suit arising from DEFENDANTS' violations under the Fair Labor Standards Act;

5. Permit a trial by jury on all issues so triable; and

6. Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF hereby demands a jury trial on all claims for which she have a right to a jury.**

_____
Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
THE GARBER LAW FIRM, P.C.
Suite 14
4994 Lower Roswell Road

Marietta, GA 30068
(678) 560-6685
(678) 560-5067 (facsimile)

**COUNSEL FOR PLAINTIFF**